THE NEW YORK CENTRAL RAILROAD COMPANY, Successor to the NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Plaintiff, *v.* MARY VAN BUREN FROST and Others, Defendants.

Supreme Court, Dutchess County, December 31, 1929.

*Robert Wilkinson,* for the plaintiff.

*Phillips, Heaney & Hasset* [*John E. Mack* of counsel], for the defendant Mary Van Buren Frost.

*William T. Snider,* for the defendants Ramsdell.

SEEGER, J. This action was brought by the plaintiff to acquire by condemnation a parcel of land situate in the town of Fishkill, Dutchess county, adjoining on the east the right of way of the plaintiff, also being south of the New York and New Haven railroad, and bounded on the south by Matteawan creek. The parcel is 52 feet wide on the south increasing gradually in width for about 400 feet to a maximum width of 100 feet, and then for about 250 feet narrows to a point. The southerly 50 feet is under the waters of the Matteawan creek. The total area taken is 1.02 acres, or 44,431 feet. The southerly part under water contains approximately 2,500 square feet. The next 350 feet north, of an average width of about 75 feet, contains approximately 26,250 square feet, and the remaining triangle to the north with a base of 100 feet, and an altitude of about 250 feet, contains approximately 12,500 square feet. The property is shown on the map, Plaintiff's Exhibit X.

The commissioners have found that in case the owners are not entitled in law to an unobstructed right of access to the waters of the Hudson river by way of Matteawan creek for the purpose of shipping brick, either at present or in future, and are not entitled to a right of crossing the property of the plaintiff herein, now or in future, to the lands now under water adjoining the same on the west for the purpose of shipping brick therefrom, $3,200, to be the value thereof, and in case the owners are entitled in law to such right of access to the Hudson river by way of Matteawan creek, the sum of $7,300 to be the value thereof.

Said commissioners found that the persons to whom such compensation should be paid are unknown to the commissioners.

The confirmation of the commissioners' report was by an order of this court granted October 9, 1915, held in abeyance pending a determination of the ownership, and by said order it was referred to C. P. Dorland to take the proofs of the parties and report the same to the court with his opinion as to:

*First.* The ownership of the lands in question and to whom the award shall be paid and the proportions thereof to be paid to each party.

*Second.* Whether the owners were entitled to an unobstructed right of access to the waters of the Hudson river by way of Matteawan creek or by crossing the property of the plaintiff herein, now or in future, to said river for the purpose of shipping brick, either at present or in future.

The referee found the title to be in the defendant Mary Van Buren Frost and that the premises adjoin tide water and the waters of the Fishkill creek, and that the owner was entitled to an unobstructed right of access to the waters of the Hudson river, by way of the Matteawan creek, or by crossing the railroad property to the river, for the purpose of shipping brick when such necessity arose.

The plaintiff moved for confirmation of the report of the commissioners of appraisal, and the report of the referee, and for final order of confirmation and final judgment herein, and that the compensation of the commissioners of appraisal and their stenographer and of the referee be fixed and allowed.

The motion was noticed for Special Term to be held at the court house in the city of Poughkeepsie on the 23d day of January, 1919, and by an order of the Special Term granted February 26, 1919, the matter was transferred to be held at Special Term at Newburgh on the 1st day of March, 1919, where the matter was argued.

The submission of briefs was delayed by counsel and complete submission was not made until recently; hence the long delay in the determination in this matter.

It appears that many years ago the premises in question were used for the manufacture of brick. The brick were drawn to a dock on the Fishkill creek, loaded upon vessels which were pulled out to the channel and through a cut or drawbridge. The manufacture of brick was discontinued there more than forty years before the commencement of the action.

In 1895 one Squire Van Buren applied to this court for a writ of alternative mandamus against the plaintiff requiring the plaintiff to open the drawbridge above mentioned to allow boats to pass through the same.

The application for this writ was denied upon the ground that the public interests would not permit the opening of the bridge, and that if any landowner east of the bridge was injured by the closing of the bridge and the keeping of it closed, such landowner was remitted to an action for damages and was not entitled to mandamus.

Thereafter said property was never again used for the purpose of brick making and the premises are insufficient in extent and unsuitable for the purposes of brick making. To manufacture

brick thereon it would be necessary to erect buildings and install machinery for the purpose. The property is absolutely insufficient in extent for such purposes and the expense of the buildings and machinery would be too great to warrant such expense, and the use of the property to manufacture brick would be unprofitable and the property is valueless for such purpose. It was practically conceded that the property had no value for any other purpose.

The defendant Frost only claims that the land has any value for brick-making purposes. Her witnesses as to the value of the land based their testimony upon the assumption that there are 40,000 cubic yards of brick clay available in the premises and their estimate as to the value is based entirely on that assumption. To excavate that quantity of material upon the premises it would require excavation thirty feet below the surface of the ground which is but little above the surface of Matteawan creek. That any such quantity, or any quantity of material sufficient for brick-making purposes could be so excavated in that position and also leave room to carry on the operation of the manufacturing of brick is against the weight of the testimony, and it is exceedingly doubtful that such excavation could be carried on without endangering the adjoining railroads and premises and the flooding of the premises by the Matteawan creek.

An examination of the testimony shows that the award made by the commissioners is not sustained by the evidence, and for that reason the award should be set aside.

It is accordingly unnecessary to determine the question of the title to the lands as a new hearing before other commissioners will be required in any event to determine the amount of compensation to be awarded for the taking of the land.

As the commissioners' fees and disbursements have been paid there is no other question to determine at this time.

It is ordered that confirmation of the award made by the commissioners be refused and the award be set aside.